UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 2:15-cr-76-FtM-29CM

YAISEL RODRIGUEZ

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by A.

Lee Bentley, III, United States Attorney for the Middle District of Florida, and the

defendant, YAISEL RODRIGUEZ, and the attorney for the defendant, Ramon de

la Cabada, mutually agree as follows:

## A.     Particularized Terms

### 1.     Count Pleading To

The defendant shall enter a plea of guilty to Count One of the

Indictment.  Count One charges the defendant with producing child pornography,

in violation of Title 18 U.S.C. § 2251(a) and (e).

### 2.     Minimum and Maximum Penalties

Count One is punishable by a mandatory minimum term of

imprisonment of fifteen (15) years up to thirty (30) years, a fine of $250,000, a

term of supervised release of not less than five (5) years up to life, and a special

assessment of $100.

Defendant's Initials _YR_

With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offenses, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offenses, or to the community, as set forth below.

3.   Elements of the Offense

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

First:      An actual minor, that is, a real person who was less than 18 years old, was depicted;

Second:   The Defendant used, persuaded, induced, enticed, or coerced the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct; and

Third:    Either:

(a) the Defendant knew or had reason to know that the visual depiction would be mailed or transported in interstate or foreign commerce;

(b) the visual depiction was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer; or

Defendant's Initials _____          2

(c) the visual depiction was mailed or actually transported

in interstate or foreign commerce.

4.    Counts Dismissed

At the time of sentencing, the remaining counts against the

defendant, Counts Two, Three, and Four, will be dismissed pursuant to Fed. R.

Crim. P. 11(c)(1)(A).

5.    No Further Charges

If the Court accepts this plea agreement, the United States

Attorney's Office for the Middle District of Florida agrees not to charge defendant

with committing any other federal criminal offenses known to the United States

Attorney's Office at the time of the execution of this agreement, related to the

conduct giving rise to this plea agreement.

6.    Mandatory Restitution to Victim of Offense of Conviction

Pursuant to 18 U.S.C. §§ 2248 and 2259, defendant agrees to

make full restitution to C.W.

Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees

not to oppose bifurcation of the sentencing hearing if the victim's losses are not

ascertainable prior to sentencing.

7.    Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will

recommend to the Court that the defendant be sentenced within the defendant's

applicable guidelines range as determined by the Court pursuant to the United

Defendant's Initials _____    3

States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

8.   Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of

Defendant's Initials _____                          4

responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

9.     Cooperation - Substantial Assistance to be Considered

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both. If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the

Defendant's Initials           5

Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

10. Use of Information - Section 1B1.8

Pursuant to USSG §1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

11. Cooperation - Responsibilities of Parties

a. The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime. However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

Defendant's Initials _____ 6

b.    It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

(1)    The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(2)    The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement. With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in

Defendant's Initials ___YN___    7

open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)     The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)     The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5)     The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

## 12. Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. §§ 2253 and 2428, whether in the possession or control of the United States, the defendant or defendant's nominees. The assets to be forfeited specifically include, but are not limited to, the following:

a. HTC Nexus Tablet S/N HT4AJJT06329;

b. Silver thumb drive; and

c. Gateway All-In-One computer,
S/N PWGAW02001033007276900,

which assets were used or intended to be used to commit or to promote the commission of the offenses.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also hereby agrees to waive all constitutional, statutory and procedural challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the

Defendant's Initials _____    9

forfeiture of the property sought by the government. Pursuant to the provisions of Rule 32.2(b)(1)(A), the United States and the defendant request that promptly after accepting this Plea Agreement, the Court make a determination that the government has established the requisite nexus between the property subject to forfeiture and the offense(s) to which defendant is pleading guilty and enter a preliminary order of forfeiture. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG §1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of his cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about

Defendant's Initials _____          10

forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. The Court shall retain jurisdiction to settle any disputes arising from application of this clause. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for

Defendant's Initials ____     11

acceptance of responsibility and substantial assistance, and may be eligible for
an obstruction of justice enhancement.

13. Abandonment of Property - Computer Equipment

The United States of America and defendant hereby agree that any
computer equipment as defined in 18 U.S.C. § 2256, seized from the defendant
and currently in the custody and/or control of the Federal Bureau of Investigation
or other appropriate agency, were properly seized and are subject to forfeiture to
the government according to 18 U.S.C. §§ 2253 or 2254, and/or that the
computer equipment and peripherals constitute evidence, contraband, or fruits of
the crime for which he has pled guilty. As such, defendant hereby relinquishes
all claim, title and interest he has in the computer equipment and peripherals to
the United States of America with the understanding and consent that the Court,
upon approval of this agreement, hereby directs the Federal Bureau of
Investigation, or other appropriate agency, to cause the computer equipment
described above to be destroyed forthwith without further obligation or duty
whatsoever owing to defendant or any other person.

As part of the plea agreement in this case, defendant hereby states
under penalty of perjury that he is the sole and rightful owner of the property, and
that defendant hereby voluntarily abandons all right and claim to and consents to
the destruction of:

a. HTC Nexus Tablet S/N HT4AJJT06329;

b. Silver thumb drive; and

Defendant's Initials _____ 12

c.     Gateway All-In-One computer,
       S/N PWGAW02001033007276900.

14.   Sex Offender Registration and Notification

The defendant has been advised and understands, that under the

Sex Offender Registration and Notification Act, a federal law, the defendant must

register and keep the registration current in each of the following jurisdictions: the

location of the defendant's residence, the location of the defendant's

employment; and, if the defendant is a student, the location of the defendant's

school. Registration will require that the defendant provide information that

includes name, residence address, and the names and addresses of any places

at which the defendant is or will be an employee or a student. The defendant

understands that he must update his registrations not later than three business

days after any change of name, residence, employment, or student status. The

defendant understands that failure to comply with these obligations subjects the

defendant to prosecution for failure to register under federal law, 18 U.S.C.

§ 2250, which is punishable by a fine or imprisonment, or both.

## B.    **Standard Terms and Conditions**

### 1.    Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition

to or in lieu of any other penalty, shall order the defendant to make restitution to

any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses

described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to

make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (18 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. To ensure that this obligation is satisfied, the Defendant agrees to deliver a check or money order to the Clerk of the Court in the amount of $200.00, payable to "Clerk, U.S. District Court" within ten days of the change of plea hearing.

The defendant understands that this agreement imposes no limitation as to fine.

2.      Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

Defendant's Initials _YVL_                    14

### 3. Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### 4. Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

### 5. Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant

Defendant's Initials _YV_                    15

exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6. Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by

Defendant's Initials _____ 16

the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

### 7. Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by

Defendant's Initials _____                    17

18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

### 8. Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

### 9. Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

### 10. Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice

Defendant's Initials _____ 18

received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11. Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

Defendant's Initials _____    19

## FACTS

From at least August 2013 through July 2014, the defendant, Yaisel Rodriguez, did knowingly use a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of child pornography. Furthermore, the defendant used the internet to communicate with the minor and to knowingly persuade or entice the minor to engage in sexual activity.

In February 2015, an undercover FBI Task Force Agent began an investigation into individuals sharing child pornography over the internet. The Task Force Agent used a peer-to-peer file sharing program to search the internet, and the Task Force Agent discovered the IP address of a computer that was promoting files with names consistent with files that might contain images of children engaging in sexually explicit conduct. The computer that the undercover Task Force Agent connected to belonged to the defendant.

The FBI Task Force Agent connected to the specific suspect IP address on four separate dates between April 2014 and January 2015 and conducted single source downloads of numerous video files that were made available for sharing by the defendant over the internet. A few of the file names and descriptions of these downloaded files are as follows:

    a.    File Name: [boy+boy] young russian 14yo small dick  blow.mpg

              Length of video: The video is 10 minutes and 38 seconds in length

Defendant's Initials _____          20

Description: The video depicts two juvenile males naked in a bed kissing and fondling each other. The video depicts one of the boys performing oral sex upon the other minor.

b.    File Name: Webcam – 13Yo Boy Brasil (5 min) .avi
      Length of video: The video is 5 minutes and 49 seconds in length
      Description: The video depicts a small boy undressing and masturbating for the camera. Further, the video depicts the minor inserting an object into his rectum.

Further investigation identified that a computer located in the defendant's residence in Cape Coral, Florida was using the specific IP address on the date and time that the undercover Task Force Agent connected to the computer using peer-to-peer file sharing program. The defendant's computer was connected to the internet at the time of the downloads. The defendant used Comcast for high speed internet service. Comcast is an internet service provider, which is headquartered outside the State of Florida, and Comcast utilizes servers located outside the State of Florida.

On March 5, 2015, agents executed a search warrant at the defendant's residence located in Cape Coral, Florida. Numerous electronic items were seized pursuant to the search warrant, including the following items:

a.  a HTC Nexus Tablet S/N HT4AJJT06329;

b.  a silver thumb drive; and

c.  a Gateway All-In-One computer, with serial number

Defendant's Initials _____    21

PWGAW02001033007276900.

During the execution of the search warrant, contact was made with the defendant, Yaisel Rodriguez, and he agreed to speak with agents. During the course of the interview, the defendant disclosed that he has been downloading and viewing child pornography since he was a teenager. Further, Yaisel Rodriguez told the agents that he recently ended a two year relationship with a minor boy. The defendant stated that the boy's name was C.W. and that the minor lived in the State of Ohio. According to the defendant, the child's mother was aware of the defendant's age because he showed her his driver's license, and the defendant said that the child's mother gave him consent to date C.W. The defendant said that he met the minor in a chat room and began to communicate via Skype and Facebook. Further, the defendant said that he and the minor had exchanged naked photographs and videos; in addition, the defendant said that he and the minor had masturbated for each other over Skype.

Further, the defendant told agents that he had traveled to Ohio on at least three occasions to visit C.W. The defendant told agents that he stayed in the minor's home, and one of his visits lasted for a month. According to the defendant, in the summer of 2013, C.W. and his mother traveled to Cape Coral, Florida and stayed in his home for two weeks. The defendant said that he and C.W. shared a bedroom, and the defendant admitted that he took sexually explicit images of and with the minor during this stay.

Defendant's Initials _____    22

A subsequent digital forensic examination was conducted on the Gateway All-In-One computer with S/N PWGAW02001033007276900; HTC Nexus Tablet with S/N HT4AJJT06329; and a silver thumb drive that were all located in Yaisel Rodriguez's bedroom. The forensic examination revealed the following:

    a. In excess of 120 videos depicting children engaged in sexually explicit conduct, and at least two of the videos that the undercover Task Force Agent had downloaded from the defendant's computer were among these video files located.

    b. In excess of 500 images and 20 videos depicting C.W., the identified minor, engaged in sexually explicit conduct.

Further, some of the videos depicted the identified minor, C.W., engaged in sexually explicit conduct with the defendant. The following are among the child pornographic videos produced by the defendant:

> a. File name Video0011.mp4, is a video depicting victim C.W. engaging in anal sex with the defendant in the minor's bedroom located in Ohio. This video was produced on or about December 31, 2013. This video was transported in interstate commerce as it was produced in Ohio and subsequently located in Florida.
>
> b. File name Video0043.mp4, is a video depicting victim C.W. engaging in masturbation while lying on the defendant's bed located in Cape Coral, Florida. The defendant is captured on this video directing the movements of the minor, and the defendant is depicted masturbating the minor at the end of the video. This video was produced on or about July 11, 2014.
>
> c. File name Video0044.mp4, is a video depicting victim C.W. performing oral sex on the defendant in the defendant's bedroom located in Cape Coral, Florida. This video was produced on or about July 11, 2014.

Defendant's Initials _____      23

During the course of this investigation, a FBI Task Force Agent was able to identify and locate C.W. in Ohio. At the time of an interview with C.W., the minor was 15 years old. C.W. disclosed being in a sexual relationship with the defendant, Yaisel Rodriguez.

Sexually explicit images recovered from the devices seized from Yaisel Rodriguez were printed and shown to C.W. C.W. identified himself and Yaisel Rodriguez as the males depicted in the sexually explicit images. C.W. identified the locations depicted in the images as his bedroom in his old house in Ohio, and the bedroom of Yaisel Rodriguez in Cape Coral, Florida.

Further, these visual depictions of C.W. engaged in sexually explicit conduct were produced using a HTC Evo 4G and a HTC One Model 220 cameras, and each of these cameras had been shipped or transported in interstate or foreign commerce. At the time of such production, the defendant knew that he was capturing images of a minor engaging in sexually explicit conduct.

In addition, the defendant knowingly persuaded a minor to engage in such sexually explicit conduct. The defendant used a computer to communicate with the minor over various programs and social media, such as FaceBook. The defendant requested that the minor send him images of the minor engaging in sexually explicit conduct.

12. **Entire Agreement**

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13. **Certification**

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this _23rd_ day of _December_, 2015.

A. LEE BENTLEY, III
United States Attorney

_____
Yaisel Rodriguez
Defendant

_____
Yolande G. Viacava
Assistant United States Attorney

_____
Ramon de la Cabada
Attorney for Defendant

_____
Michael C. Baggé-Hernández
Assistant United States Attorney
Forfeiture

_____
Jesus M. Casas
Assistant United States Attorney
Chief, Fort Myers Division